J-A04019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DONALD E. TUOMI, ADMINISTRATOR OF THE ESTATE OF MARGARET C. TUOMI, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | |
| EXTENDICARE, INC., EXTENDICARE HEALTH FACILITIES, INC., D/B/A HAVENCREST NURSING CENTER, EXTENDICARE HEALTH FACILITY HOLDING, INC., EXTENDICARE HEALTH SERVICES INC., EXTENDICARE HEALTH NETWORK, INC., EXTENDICARE HOLDINGS, INC., KATHLEEN GASTAN, AN INDIVIDUAL; KENRIC MANOR FAMILY LIMITED PARTNERSHIP D/B/A KENRIC MANOR | |
| | |
| APPEAL OF: EXTENDICARE, INC., EXTENDICARE HEALTH FACILITIES, INC., D/B/A HAVENCREST NURSING CENTER, EXTENDICARE HEALTH FACILITY HOLDING, INC., EXTENDICARE HEALTH SERVICES, INC., EXTENDICARE HEALTH NETWORK, INC., EXTENDICARE HOLDINGS, INC. | |
| | No. 865 WDA 2014 |

Appeal from the Order Entered April 24, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2013-1583

BEFORE:  BOWES, WECHT, AND STRASSBURGER,* JJ.

JUDGMENT ORDER BY BOWES, J.:          **FILED APRIL 07, 2017**

The Supreme Court vacated our decision in this case and remanded it

for reconsideration in light of ***Taylor v. Extendicare Health Facilities,***

---

* Retired Senior Judge assigned to the Superior Court.

*Inc.*, 147 A.3d 490 (Pa. 2016). We reverse and remand to the trial court for further proceedings.

The relevant history of this appeal was set forth in this Court's June 18, 2015 Opinion affirming the trial court's order overruling Appellants' preliminary objections in the nature of a motion to compel arbitration. *Tuomi v. Extendicare, Inc.*, 119 A.3d 1030 (Pa.Super. 2015), *vacated and remanded,* 2016 Pa. LEXIS 2565 (Pa. November 15, 2016). In affirming the trial court's refusal to compel arbitration, this Court relied upon our decision in *Taylor v. Extendicare Health Facilities, Inc.*, 113 A.3d 317 (Pa.Super. 2015), which held that Pa.R.C.P, 213(e) and 42 Pa.C.S. § 8301(a) required consolidation of wrongful death and survival actions for trial.

However, our Pennsylvania Supreme Court reversed this Court's decision in *Taylor*, holding that Pa.R.C.P. 213(e) conflicts with the Federal Arbitration Act (FAA) and is pre-empted. *Taylor*, 147 A.3d at 510. The Court held that Section 2 of the FAA mandates that state courts compel arbitration of claims subject to a valid arbitration agreement, even at the expense of judicial efficiency. *Id*. The Supreme Court in *Taylor* remanded the case to the trial court to afford the parties "the opportunity to litigate whether there is a valid and enforceable arbitration contract in accord with generally applicable contract defenses and the FAA's savings clause." *Id*. at 513.

Executor asserted fact-based defenses to the validity and enforceability of the arbitration agreement that were not addressed by the trial court. Therefore, we remand to the trial court to address those defenses.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge Wecht did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2017